(No. 31977.—▮▮▮▮▮▮▮▮)

MOLINE TOOL COMPANY, Appellant, *vs.* THE DEPARTMENT OF REVENUE, Appellee.

*Opinion filed September 21, 1951.*

JOSEPH R. ROSBOROUGH, of Moline, for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, JAMES C. MURRAY, and RAYMOND S. SARNOW, all of Chicago, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The sole question presented in this case is whether or not a proceeding to review a decision of the Department of Revenue denying a taxpayer's claim for refund under the Retailers' Occupation Tax Act is an action against the State of Illinois and hence barred by the constitution.

The question arises in this way. The taxpayer, Moline Tool Company, filed a claim for refund with the Department of Revenue, asserting that it had engineered and developed certain special purpose machinery upon the order of a customer and had erroneously paid a tax upon the transaction. The claim was denied. The taxpayer then filed its complaint in the circuit court of Rock Island County to review the decision of the Department. In accordance with section 8 of the Administrative Review Act, (Ill. Rev. Stat. 1949, chap. 110, par. 271,) the Department of Revenue was named as defendant. The Department moved to dismiss the complaint for want of jurisdiction on the ground that an action against the Department is an action against the State prohibited by section 26 of article IV of the constitution. The motion was allowed and the complaint dismissed. This direct appeal followed, a construction of the constitution being involved.

Section 26 of article IV of the constitution provides: "The State of Illinois shall never be made defendant in any court of law or equity." In its application, this section has not been confined to actions to which the State of Illinois is formally made a defendant. Such a literal interpretation would have substantially impaired the doctrine of sovereign immunity from suit because, by coercing the conduct of State officers in an action to which they were defendants, the same result could have been achieved as in a case in which the State itself was a formal defendant. So the prohibition has been held applicable to actions against State officers and State agencies as well as to actions

against the State of Illinois. *Schwing* v. *Miles,* 367 Ill. 436; *Joos* v. *Illinois National Guard,* 257 Ill. 138.

Not all actions against State officers, however, have been held to be barred. Such a holding would have blunted the effectiveness of many constitutional guaranties by preventing their judicial enforcement. To avoid this result a familiar presumption has been adopted which strips a State officer of his official status when he is enforcing an unconstitutional statute or is proceeding in violation of law; his conduct is not then regarded as the conduct of the State, nor is the action against him considered an action against the State. *People ex rel. First Nat. Bank* v. *Kingery,* 369 Ill. 289.

Whether or not a particular action falls within the prohibition of the constitution has not been determined solely by an ʾidentification of the formal parties to the record. The determination has rather depended upon the particular issues involved and the relief sought. *Monroe* v. *Collins,* 393 Ill. 553; *Adams* v. *Nudelman,* 375 Ill. 217; *Schwing* v. *Miles,* 367 Ill. 436; *Noorman* v. *Department of Public Works and Buildings,* 366 Ill. 216.

To determine whether or not the present proceeding falls within the constitutional prohibition it is necessary to look beyond the names of the formal parties to the record and examine the nature of the action. This action was instituted under the Administrative Review Act, which was adopted in 1945. (Ill. Rev. Stat. 1949, chap. 110, pars. 264-279, incl.) Prior to its enactment, there was diversity and uncertainty in the methods by which judicial review of the decisions of administrative agencies might be secured. (Sullivan, Judicial Review in Illinois (1949) Illinois Law Forum, 304; Davis, Review of Administrative Action, 44 Ill. Law Rev. 565 at p. 625.) The statute was designed to provide a single uniform method by which the decisions of most of the administrative agencies of State government could be judicially reviewed. To that end,

section 2 of the act prohibits the employment of the pre-existing methods of securing judicial review.

In the present case, the taxpayer seeks to review a determination of the Department of Revenue as to the taxability of a particular transaction under the Retailers' Occupation Tax Act. Prior to the Administrative Review Act, administrative decisions of the identical type here involved were judicially reviewed by a statutory adaptation of the common law writ of *certiorari*. (*Superior Coal Co. v. O'Brien*, 383 Ill. 394.) And following long-established common-law precedent, the writ was addressed to the State agency whose action was the subject of review. See, for example, *Snite* v. *Department of Revenue*, 398 Ill. 41; *Clauson* v. *Department of Finance*, 377 Ill. 399.

The Retailers' Occupation Tax Act requires a determination of taxability by the enforcing agency, the Department of Revenue. The taxpayer is entitled to a hearing if he so desires. (Ill. Rev. Stat. 1949, chap. 120, pars. 445a, 445b, 451.) The administrative determination of taxability made by the Department cannot be challenged in a judicial proceeding to enforce the collection of the tax. The only remedy formerly available to the taxpayer was statutory *certiorari* to review the administrative decision. (*Department of Finance* v. *Schmidt*, 374 Ill. 351; *Department of Finance* v. *Goldberg*, 370 Ill. 578.) A proceeding under the Administrative Review Act has supplanted the former statutory *certiorari*.

There is, of course, a real difference between an original action against the State or one of its officers and agencies, and a proceeding to review the determination of an agency of State government which, itself, has the force of a judicial determination. In a proceeding of the latter type, no encroachment upon the immunity of the sovereign results from making a State agency a party defendant. The present action is not prohibited by section 26 of article IV of the constitution.

What has been said would dispose of the case were it not for the following statement in *Krachock* v. *Department of Revenue,* 403 Ill. 148: "It may be noted at this point that the defendant is 'Department of Revenue.' The Department of Revenue is an arm of the State and may not be sued, because the constitution of Illinois provides that the State shall never be made a defendant in any court of law or equity." That statement was unnecessary to the decision reached and, to the extent inconsistent with our decision in the present case, is not adhered to. The quoted language must be limited to the facts in the *Krachock case,* where there was a failure to proceed in accordance with the Administrative Review Act. In the present case, the taxpayer has proceeded in substantial conformity with the statute.

The judgment of the circuit court of Rock Island County is reversed and the cause remanded, with directions to overrule defendant's motion to dismiss the complaint.

*Reversed and remanded, with directions.*