DARLENE M. STRUVE, Plaintiff-Appellant, *v.* THE DEPARTMENT OF CONSERVATION *et al.,* Defendants-Appellees.

(No. 73-18;

Third District—October 25, 1973.

Dorothea O'Dean, of Rock Island, for appellant.

William J. Scott, of Chicago, (Bonny Barenzky, of counsel,) for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This action arose from a dispute between the defendant Henry N. Barkhausen, Director of the Department of Conservation, and the plaintiff concerning a lease of certain premises and improvements thereon known as the Blackhawk State Park. Each party charges the other with violations of the lease. The defendant Director served a "Notice to Quit" upon the plaintiff in which he alleged that she had failed to comply

with State and Federal laws or regulations concerning the sale of beer and alcoholic liquor in the operation of the premises. The plaintiff's complaint denies that she violated any terms of the lease and charges defendant with certain violations in that there was a failure to keep the premises in repair as to the driveway, walks, heating equipment, the floors, roof, wiring, cash register and fireplace. It was also charged by the plaintiff in her complaint that there was a failure on the part of the defendants to provide proper security for the building, and a failure to list the state park on state maps.

It should be noted that in her complaint the plaintiff does not seek monetary damages but she does allege that she has made a $60,000 investment in the premises which does a volume of business between $150,000 and $175,000 annually and that she will suffer irreparable injury if forcibly removed.

The plaintiff's suit, brought in the Circuit Court of Rock Island County, asks for a determination as to whether or not she was in violation of the lease which she had with the State of Illinois, the same having been executed with the State Department of Conservation. She prayed for a determination of the rights of the respective parties in the lease, and also for an injunction which would restrain the defendants from interfering with her use and occupancy of the premises subject to the lease. The defendants moved to dismiss the complaint on the grounds that such a suit is prohibited by article IV, section 26 of the Illinois constitution of 1870. After hearing the trial court granted defendants' motion to dismiss based upon a finding that the suit should be filed with the Court of Claims. This appeal stems from the order of dismissal of plaintiff's suit.

The sole issue presented for review is whether the trial court had jurisdiction of the action. In determining this issue we first recognize that the Illinois Constitution of 1870 was in force at the time the matters in dispute occurred and at the time the plaintiff commenced legal action. Our state constitution of 1870 provided:

> "The State of Illinois shall never be made defendant in any court of law or equity." Article IV, Section 26, Illinois Constitution 1870.

That the instant suit named as defendants the Department of Conservation and Henry N. Barkhausen, the department's director, does not serve to classify the action as being one not brought against the state of Illinois. A suit brought against an officer or agency with relation to some matter in which defendant represents the state in action and liability, and the state while not a party to the record is the real party against which relief is sought, so that a judgment or decree for plaintiff, although nominally against the named defendant as an individual distinct

from the state, could operate to control the action of the state or subject it to liability, is in effect, a suit against the state. (*Schwing v. Miles,* 367 Ill. 436, 11 N.E.2d 944.) The constitutional inhibition pertaining to suits against the state cannot be evaded by making the action nominally one against the servants or agents of the state when the real claim is against the state itself.

The plaintiff cites several cases in support of her contention that the trial court had jurisdiction of the instant action. In examining these cases we find that an action for writ of mandamus was involved in *Bransfield Co. v. Kingery,* 283 Ill.App. 405. In *Bransfield* the reviewing court held that an action to compel a public official to perform a clear and mandatory duty is not a suit against the state. The relief sought by the plaintiff in the instant case makes it quite clear that there is not in existence a clear and mandatory duty present which is owed to the plaintiff by the defendants. In *Joos v. Illinois National Guard,* 257 Ill. 138, cited by the plaintiff, we find that our supreme court enjoined the defendants from using the rifle range known as Camp Grant for target practice in such manner as at any time to cause or permit bullets or other dangerous missiles from being sent across or upon the premises of the complainant. In *Joos* the supreme court found that while the National Guard and its officers while in their lawful discharge of their duties are exempt by the constitution from being sued they are not so immune from such a suit when they exceed their authority and by wrongful and unlawful acts injure another party. It is clear that in the case of *Joos* a situation existed where it was necessary to enjoin certain acts which were not only unlawful but which also constituted a danger. The most compelling case cited by the plaintiff in support of her contention as to the right of the trial court's jurisdiction is *E. H. Swenson & Son, Inc. v. Lorenz,* 36 Ill.2d 382, 223 N.E.2d 147. In this case our Supreme Court affirmed the judgment of the trial court which had entertained a class action on behalf of construction contractors against state officers to determine their right to exemption from occupation or use taxes with respect to which the state officer was withholding the amount otherwise due under certain contracts. At first blush this appears to be a case which clearly repudiates the well established rule that the state is immune from suits prosecuted in courts of law or equity. However, an examination of the opinion of Justice Schaefer discloses that such is not the case for in his opinion he set forth the following language:

> "The defendants urge that in making this determination in the present case we must consider where the ultimate burden of the relief sought by the plaintiffs will fall, and that the essential nature of the action is a proceeding to recover money from the

State of Illinois. They also point out that the court of claims is given jurisdiction of 'All claims against the state founded upon any contract entered into with the State of Illinois.' (Ill. Rev. Stat. 1965, chap. 37, par. 439.8 subd. B.) We are of the opinion, however, that even though the action arose in the context of State contracts, it was properly regarded by the trial court as founded upon the plaintiff's claim that their transactions with the State did not measure a tax. Liability for the kind of taxes here involved is ordinarily litigated in a proceeding to review the administrative determination of the Department of Revenue, as in the *Moline Tool Co.* case. (See also, *Owens-Illinois Glass Co. v. McKibbin*, 385 Ill. 245, 52 N.E.2d 177.) We think that the basic nature of the plaintiffs' claim is not altered by the circumstance that in this case the Department of Public Works and Buildings was able to resort to self help, and retain the amount of taxes from which the plaintiffs claimed exemption."

We interpret the opinion in *Swenson* to hold that the question presented was one which would have first been determined by an administrative hearing conducted by the Department of Revenue and that a review of this determination could be had in the circuit court. In *Moline Tool Co. v. Department of Revenue*, 410 Ill. 35, 101 N.E.2d 71, Justice Schaefer had previously held that an action by taxpayer under Administrative Review Act to review determination of Department of Revenue as to taxability of certain transactions under Retailers Occupation Tax was not within prohibition of constitutional provision that the state shall never be made defendant in any court of law or equity. The issue in *Swenson* as to whether or not the plaintiffs should have first proceeded with an administrative hearing was not raised and therefore not passed upon but the court's ruling is that since plaintiffs would ultimately have been permitted to have a hearing in the circuit court then the prohibition set forth in article IV, section 26 of the Illinois Constitution of 1870 was not applicable.

We fail to find that the cases cited by the plaintiff support her contention that the trial court of Rock Island County had jurisdiction of the suit which she filed. Our views regarding the question of severeign immunity as presented by this appeal coincide with those set forth in the case of *Powers v. Telander*, 129 Ill.App.2d 10, 262 N.E.2d 342.

■■ We agree with the contention of the defendants that the plaintiff's dispute should be submitted to the Illinois Court of Claims. Section 8 of the Court of Claims Act (Ill. Rev. Stat. ch. 32, par. 439.8(b)), relates the jurisdiction of the court of claims and provides that the court shall have jurisdiction to hear and determine:

"(b) All claims against the state founded upon any contract entered into with the State of Illinois." Ill. Rev. Stat., ch. 37, par. 439.8(b).

Regardless of the relief sought the plaintiff has made claim against the state, founded on a contract. These claims should be resolved in the Court of Claims and therefore the trial court properly granted the defendants' motion to dismiss the plaintiff's complaint, and accordingly we affirm the action of the circuit court of Rock Island County.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.