THE BOARDS OF EDUCATION OF SCHOOL DISTRICTS 67, 68, 69, 70, 71, 72, 73½, 74 and 219, COOK COUNTY, *et al.*, Plaintiffs-Appellants, *v.* JOSEPH CRONIN, Superintendent of Education, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 77-521

Opinion filed October 28, 1977.

Allyn J. Franke and Ralph Miller, both of Franke and Miller, of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (Paul V. Esposito, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs appeal from a summary judgment wherein the trial court found that plaintiffs' claims against defendants for reimbursement of funds for extraordinary services provided to handicapped children are barred by sovereign immunity, and that the circuit court is accordingly without jurisdiction to provide such relief. On appeal plaintiffs contend that here where an appropriation has been made by the State legislature for the relief sought (*i.e.*, reimbursement of claims), and State officials arbitrarily approve less than the law provides for reimbursement, the State is not a party to the suit and jurisdiction lies in the circuit court to order State officials to make the payment.

We affirm. The pertinent facts follow.

Plaintiffs are two special education groups comprising 13 school boards in Niles and Maine townships in the county of Cook which sought a declaratory judgment and writ of mandamus against defendants, the State Superintendent of Education of the State of Illinois and the Illinois Office of Education. The complaint alleged that during the 1972-1973 school year, plaintiffs placed a number of children requiring extraordinary special education services in a special education center. During that year plaintiffs submitted to the State Superintendent of Public Instruction[1] their claims for reimbursement of expenses incurred on behalf of the children, pursuant to section 14—7.02a of the School Code. (Ill. Rev. Stat. 1973, ch. 122, par. 14—7.02a.) The Office of the Superintendent of Public Instruction authorized reimbursement of claims for 39 children, but rejected the claims for 77 children. The relief plaintiffs sought was to require defendants to adopt and publish standards applicable to all claims for reimbursement of funds for extraordinary services provided to handicapped children, to review the case studies presented by plaintiffs, and to disburse the amounts claimed by plaintiffs.

Defendants presented a motion for summary judgment alleging that there was no dispute between the parties insofar as defendants are willing to publish uniform standards and that such case studies were reviewed; however, as to plaintiffs' claims for "money damages" defendants alleged that by statute the State is immune from being made a defendant in such a suit, that the circuit court is accordingly without jurisdiction to make an award, and that plaintiffs' claims may only be pursued in the Court of Claims.

The trial court on August 31, 1976, ordered that allowance of claims for reimbursement must be uniform and based on nondiscriminatory standards, and that defendants shall review summaries of case studies submitted by plaintiffs. By separate order, entered January 10, 1977, the trial court, finding that it was without jurisdiction as to plaintiffs' claims for reimbursement, granted defendants' motion for summary judgment without prejudice to plaintiffs' right to file their claims in the Court of Claims. Plaintiffs appeal from the order of January 10.

OPINION

Plaintiffs argue that the State is not a party to the instant suit, and thus the doctrine of sovereign immunity is inapplicable. They contend that defendants, State officials, violated their duty by failing to reimburse plaintiffs from the fund which the State legislature appropriated for special education purposes, and that mandamus is a proper remedy to

---

[1] Defendant, State Superintendent of Education, who heads defendant Illinois Office of Education, has succeeded to all interests of the State Superintendent of Public Instruction. Ill. Const. 1970, art. X, §2(b); Ill. Rev. Stat. 1975, ch. 122, par. 1A-4B.

compel defendants to recompute the claims and disburse the funds. Citing *County of Cook v. Ogilvie* (1972), 50 Ill. 2d 379, 280 N.E.2d 224, plaintiffs argue that the circuit court has jurisdiction to correct such determinations and to require distribution by state officials who improperly interpret statutory provisions concerning distribution of money to local governmental units.

■■ The question of whether an action is brought against the State depends on the issues involved and the relief sought. (*Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 101 N.E.2d 71.) The fund at issue was provided for claims eligible under section 14—7.02a of the School Code. Unlike the State officials in *Ogilvie* who admitted that their offer of aid was below the standards established by statute, defendants in the instant case authorized reimbursement of 39 claims but denied reimbursement as to 77 claims. Defendants were under no legal duty to approve all claims submitted by plaintiffs. It is well established that mandamus is not a proper remedy where the right of a petitioner must first be established or the duty of a State officer must first be determined. (*Retail Liquor Dealers Protective Association v. Schreiber* (1943), 382 Ill. 454, 47 N.E.2d 462.) Mandamus will not lie where the court would be regulating the general course of official conduct or enforcing the performance of official duties generally. *Retail Liquor Dealers; People ex rel. Hopf v. Barger* (1975), 30 Ill. App. 3d 525, 332 N.E.2d 649.

■■ Moreover, where suit is brought against a State official and the judgment or decree although nominally against the official could operate to control the action of the State or subject it to liability, the cause in effect is a suit against the State. (*Schwing v. Miles* (1937), 367 Ill. 436, 11 N.E.2d 944; *Struve v. Department of Conservation* (1973), 14 Ill. App. 3d 1092, 303 N.E.2d 32.) Such claims against the State brought in the circuit court are barred by operation of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1975, ch. 127, par. 801). Under these circumstances the trial court properly granted summary judgment in favor of defendants.

■■ In the instant case summary judgment was granted in favor of defendants without prejudice to plaintiffs' right to file their claims in the Court of Claims. The Court of Claims has exclusive jurisdiction to hear and determine claims against the State founded upon any law of the State of Illinois. (Ill. Rev. Stat. 1975, ch. 37, par. 439.8(a).) In creating the Court of Claims the State legislature intended that body to serve as the single vehicle for the centralized and expeditious handling of meritorious claims against the State. (*Edelen v. Hogsett* (1969), 44 Ill. 2d 215, 254 N.E.2d 435; *Chicago Welfare Rights Organization v. Weaver* (1972), 5 Ill. App. 3d 655, 284 N.E.2d 20, *aff'd on other grounds* (1973), 56 Ill. 2d 33, 305 N.E.2d 140.) We have concluded above that this cause is in effect a suit against the

State. Plaintiffs' claim for monetary reimbursement is founded upon the School Code. Accordingly, we find that the circuit court is without jurisdiction in this cause in that it lacks authority to enter a monetary judgment against the State. (See *Campbell v. Department of Public Aid* (1975), 61 Ill. 2d 1, 329 N.E.2d 225; *Scoa Industries, Inc. v. Howlett* (1975), 33 Ill. App. 3d 90, 337 N.E.2d 305.) The matter is exclusively within the jurisdiction of the Court of Claims.

For the foregoing reasons, the order of the circuit court of Cook County granting summary judgment in favor of defendants is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.