VALLEY VIEW COMMUNITY UNIT SCHOOL DISTRICT NO. 365U, Plaintiff-Appellant, *v.* JOSEPH M. CRONIN, State Superintendent of Education *et al.*, Defendants-Appellees.

Third District   No. 78-206

Opinion filed November 21, 1978.

Barry L. Moss, of Moss and Bloomberg, Ltd., of Bolingbrook, for appellant.

William J. Scott, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Valley View Community Unit School District No. 365U, sought a declaratory judgment and injunctive relief prohibiting defendants, Joseph Cronin, State Superintendent of Education and Michael Bakalis, State Comptroller, from withholding State aid in the amount of $473,227.13. Pursuant to defendants' motion to dismiss the complaint, the circuit court of Will County dismissed the complaint holding it had no jurisdiction. We reverse.

Valley View School District is presently conducting a full-year school program under section 10—19.1 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 10—19.1). Under this program students are in school for 45 consecutive school days and then are out of school for 15 consecutive school days. The program is commonly known as the 45-15 day program.

According to the complaint, the school district was notified in January 1977 by the office of the State Department of Education that $473,227.13 would be withheld from its 1977-78 State assistance because the district had not conducted school for 180 days in each of the school years 1973-74 and 1974-75. The complaint alleged in substance the actions of the Superintendent and Comptroller were illegal because one, section 10—19.1 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 10—19.1) provided for a special framework applicable to all-year schools and that the plaintiff had complied with such provisions as shown by certificates of approval for such years; two, the district had conducted school for 180 days in accordance with the regulations of the Department of Education; three, section 18—12 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 18—12), which authorizes the withholding of funds was not complied with by Cronin, Superintendent of Education; and four, section 18—12 of

the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 18—12) does not authorize the withholding of funds from districts operating under section 10—19.1 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 10—19.1). A preliminary injunction was issued by the trial court restraining the defendants from decreasing the State aid to plaintiff during the school year 1977-78. The defendants filed their answers to the complaint. They also moved to dismiss the complaint alleging they were immune from suit and therefore the trial court had no jurisdiction. The trial court agreed with the defendants and dismissed the complaint.

This controversy involves section 1 of "An Act in relation to immunity for the State" (Ill. Rev. Stat. 1975, ch. 127, par. 801), which provides that except for actions in the Court of Claims "\* \* \* the State of Illinois shall not be made a defendant or party in any court." The appellant argues this action is not one against the State of Illinois and the appellees insist the contrary is true.

■■ In an analogous case, *City of Springfield v. Allphin*, Docket No. 49897, March Term 1978, the Illinois Supreme Court has discussed at length the distinctions between an action against the State which is prohibited by statute and one against a State officer which is not prohibited. We do not believe it necessary to review the distinctions at length in this opinion. "Whether or not a particular action falls within the prohibition of the constitution has not been determined solely by an identification of the formal parties to the record. The determination has rather depended upon the particular issues involved and the relief sought." (*Moline Tool Co. v. Department of Revenue*, 410 Ill. 35, 37, 101 N.E.2d 71.) Where the suit charges that an officer of the State acted unconstitutionally, illegally, or without lawful authority, the conduct is deemed not to be that of the State and the doctrine of sovereign immunity is not applicable. *City of Springfield v. Allphin*, Docket No. 49897, March Term 1978; *County of Cook v. Ogilvie*, 50 Ill. 2d 379, 280 N.E.2d 224; *E.H. Swenson & Son, Inc. v. Lorenz*, 36 Ill. 2d 382, 223 N.E.2d 147; *Moline Tool Co. v. Department of Revenue*, 410 Ill. 35, 101 N.E.2d 71; *Schwing v. Miles*, 367 Ill. 436, 11 N.E.2d 944.

In *County of Cook v. Ogilvie*, 50 Ill. 2d 379, 280 N.E.2d 224, the legislature had appropriated specific amounts for several aid programs including programs administered by the State Department of Welfare. The legislature authorized the Director to transfer funds from one program to another. The court in holding the action was not against the State, but against an officer acting both unconstitutionally and illegally, concluded the delegation was an unconstitutional delegation of legislative powers and that the withholding of funds from the County of Cook was an unlawful act.

The opinion of the court in *Cronin v. Lindberg,* 66 Ill. 2d 47, 360 N.E.2d 360, is of particular relevance to the issues in this case since it also involves the conduct of the Superintendent of Education in withholding school aid. The court in *Lindberg* was faced only with a constitutional challenge and held that the provisions of the statute authorizing the withholding of aid in future years as an adjustment for overpayments made in prior years was constitutional and, further, that the conduct in spreading the adjustment over three years was in accord with the statute. What is important about the *Lindberg* case is not the court's decision on the merits of the controversy, but rather the court decided the case on the merits believing it unnecessary to even discuss the issue of sovereign immunity.

■■ We believe that where the issues involve the unlawful withholding of appropriated funds or the refusal to disburse such funds, the action is not against the State and the doctrine of sovereign immunity is inapplicable. In our opinion the complaint details at some length the facts and theory of plaintiff supporting its claim the action of the defendants was unlawful and consequently, we believe the action was not against the State.

The principal case relied upon by the defendants is *Boards of Education v. Cronin,* 54 Ill. App. 3d 584, 370 N.E.2d 19, a case not even mentioned in the *Allphin* case, in which the court concluded the action was one against the State and therefore should have been prosecuted in the Court of Claims. The court in *Boards of Education* treated the claims of the school board as tort claims seeking damages from the superintendent, and consequently, we believe its result is not applicable to the facts of this case.

For the foregoing reasons the judgment of the circuit court of Will County is reversed and this cause is remanded to said court for further proceedings consistent with the view expressed herein.

Reversed and remanded.

BARRY, P. J., and ALLOY, J., concur.