(No. 74-CC-0847— )

ALLIE HICKS and ERMA E. HICKS, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 22, 1978.*

HOLDERMAN, J.

Claimants seek herein to reform a deed conveying certain real estate to the State of Illinois by adding an exception reserving to them the oil, gas and other minerals under said land. No request has been made for an award for damages, though they do ask that they have such other relief as the Court deems proper.

On the hearing, no evidence of any money damages was introduced and therefore the claim was narrowed to sole request that this Court reform the deed.

The evidence shows that on or about May 15, 1972, Claimants discussed the sale of their property with one Roger Hazlett, a representative of a firm having a contract with the State to acquire or purchase property for the State. Claimants testified that they told Hazlett that they would sell the surface of their 80-acre farm near Dolan Lake, but that they had leased the coal to Amax Coal Company for 20 years. Claimants testified that on or about June 5, 1972, Hazlett returned to their farm and gave them a check for $28,000.00. Hazlett brought a deed with him and Hicks and his wife signed it. Claimants state that Hazlett told them he had

excluded the minerals rights from the sale of the surface. In fact, the deed did not exclude the minerals rights.

Hazlett was called as a witness by Claimants. He testified that he was employed by David Sullivan Land Services, Inc., which had a contract with the Illinois Department of Conservation. He stated that on May 15, 1972, he offered Claimants $26,000.00 for their property, but that no agreement was made. Hazlett testified that on May 15, Mr. Hicks told him that he wanted to retain the minerals. Hazlett advised Hicks that he would see if there could be a conveyance without the minerals.

Hazlett further testified that the State would not accept a deed to the surface only, and that on June 5, 1972, he returned home and read the deed to Mr. Hicks in its entirety. Hazlett stated that in his opinion, Mr. Hicks understood that he was conveying both the surface and the mineral rights. The consideration for the purchase had been increased from the original amount of $26,000.00 to $28,000.00. Hazlett said he told Mr. Hicks that the State would not accept a conveyance of the surface only.

Two issues are before this Court. The first is whether or not this Court has jurisdiction to reform the deed as requested by Claimants. The second is whether the Claimants have proved that there was fraud in the procurement of the deed.

Claimants argue that unless this Court takes jurisdiction, they will be without remedy. They point out that they had originally brought suit in the Circuit Court of Hamilton County, Illinois, but that the case was dismissed, based on Ch. 127, Sec. 801, which provides:

"§801. *Immunity of State as defendant or party in Court.*

Except as provided in 'an Act to create the Court of Claims, to prescribe its powers and duties, and to repeal an Act herein named,' filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any Court."

Section 4 of Article 13 of the Illinois Constitution of 1970 provides:

"Except as the General Assembly may provide by law, sovereign immunity in this State is abolished."

The Circuit Court of Hamilton County was correct in dismissing the Claimant's case against the State. But the question remains, has the legislature granted jurisdiction to this Court to entertain a claim to reform a deed? In arguing that the Court has jurisdiction to entertain such a claim, Claimants point out that the Illinois Constitution of 1970 provides, in part, that:

"every person shall find certain remedy in the laws for all injuries and wrongs he receives to his person, privacy, property or reputation."

It is generally held that the Court of Claims has limited jurisdiction and has only such powers as are conferred on it by the legislature. See, 33A *Ill. Law & Practice,* Ch. 7, §142. The State refers the Court to *Taylor v. Michigan, 360 Mich. 146, 103 N.W.2d 769,* where the Michigan Court of Claims held that it did not have jurisdiction to hear a declaratory judgment action or to reform a contract. The State also cites *Blue Water Excavating Co. v. State, 144 N.W.2d 630,* and *Montgomery v. State, 328 N.Y.S.2d 189,* where the New York Court of Claims held that it had jurisdiction to hear claims for money only, with its equitable powers limited solely to those set forth in the Act or incidental to enforcement of a claim for money judgment.

However, as Claimants point out, there is Illinois authority to the contrary. In *Struve v. State of Illinois, 14 Ill. App. 3d 1092, 303 N.E.2d 32,* suit was brought in the Circuit Court to determine whether the terms of a lease between the State and the Plaintiff were being violated. No claim was made for money damages. The defendants moved to dismiss the case on the grounds that such an action was one against the State, and was for the Court of Claims. The Court said:

"We agree with the contention of the defendants that the plaintiff's dispute should be submitted to the Illinois Court of Claims. Section 8 of the "Court of Claims Act" [Ill. Rev.Stat. Ch. 27, Para. 439.8(b)], relates the jurisdiction of the Court of Claims and provides that the Court shall have jurisdiction to hear and determine:

'(b) All claims against the State founded upon any contract entered into with the State of Illinois.'

Regardless of the relief sought, the plaintiff has made a claim against the State, founded on a contract. These claims should be resolved in the Court of Claims..."

Claimants also cite *Sternberg Co. v. Langhorne Bond, Director of the Department of Transportation, 30 Ill. App. 3d 874, 333 N.E.2d 260.* There, plaintiffs sought and obtained a temporary injunction against the Department. On appeal, the Court reversed, holding that the action was a suit against the State of Illinois, which the Circuit Court was without jurisdiction to entertain. The Court said:

"The holding does not mean the plaintiff, if wronged, is without remedy. Plaintiff may avail itself of any remedy provided in the Court of Claims. *Allen v. State, 2 Ill. Ct. Cl. 404, New Era Construction v. State, 6 Ill. Ct. Cl. 88 and Fuhrer v. State, 22 Ill. Ct. Cl. 144.* It is clear that the jurisdiction of the Court of Claims is not limited to money claims, and that one may pursue remedies in the Court of Claims other than for recovery of a sum of money. Plaintiff can also raise any fraud as a defense in any action by the State or the insurance company on the bond."

Recently, in *Hartford Accident & Indemnity Co. v. State,* this Court held that it had jurisdiction to enter a declaratory judgment, construing an insurance policy.

The history of the Court of Claims, as described in *"The Illinois Court of Claims: A Study of State Liability,"* published by the University of Illinois Press, lends further support to this view.

The Constitution of 1870 applied the principle of sovereign immunity, and only in the General Assembly could one seek relief for wrongs for which the State was responsible. In 1877, a Claims Commission was created to hear *"all unadjusted claims* of all persons against the State of Illinois . . . according to the *principles of equity* and justice . . ."

In 1903, the Claims Commission was abolished and the Court of Claims established with jurisdiction identical to that of the Claims Commission.

In 1917, the old Court of Claims was abolished and a new one established "to hear and determine *all claims and demands, legal and equitable,* liquidated and unliquidated, ex contractu and ex delictu, which the State, as a sovereign Commonwealth, should *in equity and good conscience discharge* and pay." (emphasis supplied)

In 1945, the present "Court of Claims Act" was passed. We note that the first three provisions relating to the Court's jurisdiction speaks in broad terms:

"A. *All claims* against the State founded upon any law of the State . . .;

B. *All claims* against the State founded upon any contract . . . with the State...;

C. *All claims* against the State *for damages* in cases sounding in tort . . ."

We have found no Illinois authority that limits the Court's jurisdiction to cases involving monetary damages. While this is the usual redress sought, what is there says that we can recommend to the legislature the payment of damages arising out of deed procured

by fraud, but we cannot recommend that the legislature reform the deed itself. Such a conclusion is within the expressions of the foregoing Appellate Court decisions, and within the spirit for which the Court was established.

We believe that this Court does possess limited equitable powers including authority to enter an award reforming a deed. It must be remembered that such an award would still require some legislative action to carry out the award, and that in so holding, the Court does not imply that it has general equitable powers.

Having decided that we have jurisdiction to enter an award reforming the deed here in question, we must next determine whether Claimants have established the right to reformation.

We have carefully reviewed the record herein, and conclude that Claimants have failed to meet their burden of proving that they were mislead by the agent negotiating the purchase of their property.

It is therfore ordered that this claim be denied.