THE BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT
NO. 206, COOK AND WILL COUNTIES, Plaintiff-Appellee, *v.* JOSEPH M.
CRONIN, State Superintendent of Education, *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 78-85

Opinion filed February 27, 1979.

William J. Scott, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellants.

Franke and Miller, of Chicago, for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

A suit for injunction was filed by the Board of Education of Township High School District 206, Cook and Will Counties (hereinafter "District 206"), seeking to restrain Joseph M. Cronin, State Superintendent of Education (hereinafter "Superintendent"), and the Illinois Office of Education (hereinafter "Office of Education"), from carrying out their announced intention of withholding certain reimbursement funds from District 206. On cross-motions for summary judgment, the motion of District 206 was granted and an appropriate order entered on October 13, 1977. Defendants appeal. We affirm.

During the years 1972-74, District 206 provided transportation between home and school for its students who resided more than 1½ miles from the school building of their attendance. An equal number of bus trips were made in the mornings and at midafternoon, and additional trips were made in the late afternoon to accommodate students who remained after classes for scholastic consultation, disciplinary action, sports programs, club and other activities. Reimbursement for providing said transportation was sought and obtained from the Office of Education for those years.

In 1976, representatives of the Office of Education audited these reimbursements and informed District 206 that $44,407.07, representing reimbursement for expenses arising from the late afternoon bus trips, should not have been paid. The basis for this assertion was that section 29—5 of the Illinois School Code (Ill. Rev. Stat. 1975, ch. 122, par. 29—5) did not contemplate payment for the late afternoon bus trips, because they constituted transportation between "co-curricular activities" and home. There is no statutory definition of the term "co-curricular activities." District 206 was informed that the $44,407.07 would be recovered by withholding that amount from future reimbursements claimed by it.

District 206 unsuccessfully pursued an administrative appeal within the Office of Education before commencing the suit for injunction which is the subject of the present appeal.

A threshold question is presented as to whether the circuit court had jurisdiction to hear the suit filed by District 206, in that it possesses some

of the features of a suit against the State over which the Court of Claims has exclusive jurisdiction. Ill. Rev. Stat. 1975, ch. 37, par. 439.8; ch. 127, par. 801.

■■■ A suit against a State officer or department may be deemed a suit against the State if it would serve to control the action of the State or subject the State to liability (*Schwing v. Miles* (1937), 367 Ill. 436, 442, 11 N.E.2d 944; *Struve v. Department of Conservation* (1973), 14 Ill. App. 3d 1092, 303 N.E.2d 32). The mere fact that an action would cause money to be paid from the State treasury is not dispositive of this issue, however. *City of Springfield v. Allphin* (1978), 74 Ill. 2d 117, 384 N.E.2d 310; see also *County of Cook v. Ogilvie* (1972), 50 Ill. 2d 379, 280 N.E.2d 224; *E. H. Swenson & Son, Inc. v. Lorenz* (1967), 36 Ill. 2d 382, 385, 223 N.E.2d 147.

■■ ■ An action which seeks to prevent a State official from acting in accordance with an unconstitutional statute, failing to do what he is required by law to do, or taking action beyond his powers, is a suit against the State officer, not against the State itself. (*County of Cook v. Ogilvie*; *Board of Trustees v. Illinois Community College Board* (1978), 63 Ill. App. 3d 969, 971-72, 380 N.E.2d 988; *Board of Trustees v. Bakalis* (1978), 64 Ill. App. 3d 967, 382 N.E.2d 26.) A lawsuit which seeks to control conduct of a State officer with respect to which discretion has been conferred upon him, and with respect to which his actions are governmental and may subject the State to liability, constitutes a suit against the State (*Boards of Education v. Cronin* (1977), 54 Ill. App. 3d 584, 586, 370 N.E.2d 19, and explanation thereof in *Board of Trustees of Community College District No. 508 v. Illinois Community College Board*). Conduct complained of as violating a statutory duty is not a suit against the State. *People ex rel. Kaneland Community Unit School District No. 302 v. Howlett* (1964), 30 Ill. 2d 128, 195 N.E.2d 678; *Valley View Unit School District No. 365U v. Cronin* (1978), 65 Ill. App. 3d 870, 872, 382 N.E.2d 1298; *People ex rel. Higler v. Myers* (1969), 114 Ill. App. 2d 478, 252 N.E.2d 924.

■ Accordingly, determination of whether the underlying suit for injunction constitutes a suit against the State requires consideration of the statutory basis for defendants' powers to act. Section 29—5 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 29—5) provides in pertinent part:

> "Reimbursement by State for Transportation. Any school district * * * transporting its resident pupils to a school which meets the standards for recognition as established by the Superintendent of Public Instruction which provides transportation meeting the standards of safety, comfort, convenience, efficiency and operation prescribed by the Superintendent of Public Instruction for resident pupils in kindergarten or any of grades 1 through 12 who reside at least 1½ miles as measured by the customary route of

travel, from the school attended, *shall be reimbursed by the State* by the following formula:" (Emphasis added.)

The concluding, emphasized statutory language clearly and unconditionally mandates reimbursement for transportation programs toward which no objection is made regarding quality and efficiency. In the present action, defendants do not base their actions on failure of the transportation program in question to meet standards of quality or efficiency concerning which the Superintendent may have some discretion, but rather on an interpretation of the mandatory language of section 29—5. On oral argument, counsel for the Superintendent conceded that no rules have been promulgated or adopted setting forth "* * * standards of safety, comfort, convenience, efficiency and operation." Plaintiff's suit does not seek to control defendants' exercise of discretion; it challenges defendants' interpretation of the statutory language in question. For this reason, the suit by District 206 is not a suit against the State, but a suit against its agents to compel their conformance with the law. As such, it was within the jurisdiction of the circuit court.

Turning to the merits of the suit for injunction, defendants' findings of improper payment for late afternoon transportation were based upon the following language in section 29—5: "Claims for reimbursement under this Section shall not be paid for transportation of pupils for whom transportation costs are claimed for payment under other Sections of this Act." Defendants read this in conjunction with section 29—3.1 (Ill. Rev. Stat. 1975, ch. 122, par. 29—3.1), which provides:

> "The school board of any school district that provides transportation for pupils to and from the school attended may provide transportation for pupils to and from any school sponsored activities in which pupils of the district participate, whether during the school year or not, and shall make a charge for such transportation in an amount not to exceed the cost thereof, which shall include a reasonable amount for depreciation of the vehicles so used. The school board may provide transportation for pupils on bona fide field trips in Illinois or adjacent states."

Defendants assert that, because the late afternoon transportation provided by District 206 fits to some degree the kind of transportation covered by section 29—3.1 as well as that covered by section 29—5, reimbursement for it is barred by the condition in section 29—5 that no reimbursement under that section may be made for transportation costs which are also claimed for reimbursement under other sections.

In urging this court to support their interpretation, defendants rely on the rule of statutory construction stated in *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 369, 357 N.E.2d 1180, that the threshold task of a court is to examine the terms of the statute itself toward the end that the true intent and meaning of the legislature be ascertained and given

effect; statutory language which is certain and unambiguous must be enforced as enacted.

The language in section 29—5 referred to by defendants clearly states that no reimbursements shall be given under that section for costs for which reimbursement is sought under other sections. That is to say, double reimbursements are prohibited. Section 29—3.1, however, dealing with transportation to and from "school sponsored activities," requires school districts providing such transportation to charge users for that service. Neither section 29—3.1, nor any other section of the School Code makes the cost of such transportation reimbursable by the State. Accordingly, section 29—3.1 does not relate to any reimbursable costs, and, therefore, has no relation to the concern of section 29—5 for potential double reimbursements.

From the foregoing it appears that a single form of transportation cannot be regarded as being governed by both section 29—5 and section 29—3.1 because the former must be provided free of charge, whereas the latter must be offered, if at all, on a user-charge basis. Therefore, the late afternoon transportation provided by District 206 must be regarded as governed by one section or the other, but not both. In determining which of these sections shall govern the transportation here in question, we note that section 29—5 applies simply to transportation "to and from school"; however, section 29—3.1 extends by its terms to include transportation provided when school is not in session or to points distant from the school. Section 29—5 thereby is inherently related to school attendance; section 29—3.1 is not. Because the terms of the School Code preclude application of both sections to a single kind of transportation, the foregoing analysis requires that transportation which possesses some of the characteristics of both be classed according to whether it is inherently related to attendance at school or to an activity that may be unrelated to school attendance.

■■ In the present case the students in question were not only transported to and from the physical site of the school, but also were at that site primarily for the purpose of attending school. The activities which caused them to remain beyond their last classes were themselves incidental to school purposes in character. Accordingly, the transportation provided was occasioned primarily by the students' attendance at school and was appropriately classed by District 206 as coming within section 29—5.

For these reasons, the order of the circuit court restraining the defendants from withholding reimbursements to offset the alleged overpayment is hereby affirmed.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.