TOM B. STUART, Plaintiff-Appellant, *v.* LESTER B. NIEMANN *et al.*,
Defendants-Appellees.

First District (4th Division)    No. 80-2574

Opinion filed September 10, 1981.

Dan Walker, Jr., of Chicago, for appellant.

Anthony J. Ventrella, of Chicago, for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Tom B. Stuart, brought this action against the defendants, Lester B. Niemann and the Cook County Employees' and Officers' Annuity and Benefit Fund (the Fund), to enjoin the Fund from paying benefits to Lester Niemann, the widower of Bess Niemann, a former Cook County employee and Fund contributor. After a bench trial judgment was entered in favor of the defendants. Stuart appeals contending that although Lester Niemann was legally married to Bess Niemann at the time of her death, he was not her widower for purposes of article IX of the Illinois Pension Code (Ill. Rev. Stat. 1979, ch. 108½, pars. 9—101 to 9—238) (The Code). Bess Niemann was Stuart's mother.

Bess Niemann designated Stuart as beneficiary of any refund of amounts accumulated in her annuity account at the time of her death. The parties agree that under section 9—166 of the Code the designated beneficiary is not entitled to a refund if there is a surviving widow (Ill. Rev. Stat. 1979, ch. 108½, par. 9—166) or widower (Ill. Rev. Stat. 1979, ch. 108½, pars. 9—108.2, 9—149.1).

Lester Niemann and Bess Niemann were married in 1958. They separated in 1966 and did not live together from that time until Bess Niemann's death in 1978. During the period of their separation Bess

Niemann supported herself entirely. When Lester and Bess Niemann did things together, such as going out to dinner or taking a vacation, the expenses were split equally.

In August 1978, the Niemanns transferred their marital residence from Bess Niemann and Lester Niemann to Bess Niemann and Tom Stuart. Lester Niemann was paid $25,000 as consideration. When title was transferred Lester Niemann stated "well, I guess that's that. All is divided and done." Bess Niemann's will provides in part:

> "I make no provision for my husband, Lester W. Niemann, because we have, prior to the execution of this, My Last Will and Testament, made a division of our property between us, and by reason thereof, he is not now in need of my bounty."

Stuart contends that although Lester and Bess Niemann were married at the time of Bess Niemann's death, Lester Niemann is not Bess Niemann's widower for purposes of the Code. He claims that the Code was intended to benefit the family of the deceased and that since Lester Niemann was no longer a part of Bess Niemann's family in the sense that he no longer lived with her, was not reliant upon her for support, and was not looking to her for support in his later years, he was not entitled to receive support under the statute. He also claims that to allow Lester Niemann to collect as widower would be to thwart Bess Niemann's intent as manifested by the language in her will, Lester Niemann's statements when he transferred his interest in the marital home to Stuart, and the fact that Bess Niemann named Stuart as "designated beneficiary."

Under the Code, an employee's widow or widower is entitled to an annuity from the employee's annuity account. (Ill. Rev. Stat. 1979, ch. 108½, par. 9—137 *et seq.*) While several exceptions are provided (such as where the widow did not marry the employee until after the employee's 65th birthday or where the widow remarries (Ill. Rev. Stat. 1979, ch. 108½, pars. 9—148, 9—149)), there is nothing in the Code which remotely suggests that the widower loses his right to an annuity on the basis of the intent of the employee or the fact that the employee and the widower were, in the plaintiff's words, "married in name only."

Where statutory language is certain and unambiguous it is our duty to enforce it as enacted. (*Board of Education v. Cronin* (1979), 69 Ill. App. 3d 472, 388 N.E.2d 72.) Since the language of the Code is unambiguous there is no need for construction to ascertain its meaning. It provides that an employee's widow or widower is entitled to an annuity. Here it is admitted that Lester and Bess Niemann were married at the time of her death. We therefore can only conclude that Lester Niemann is Bess Niemann's widower. The legislature set forth the applicable law and we cannot depart from its clear statement. (*Young v. Board of Trustees* (1978), 57 Ill. App. 3d 689, 373 N.E.2d 708.) Lester Niemann was Bess

Niemann's widower and the statute leaves no room for us to carve out an exception to his entitlement to an annuity on the grounds asserted.

Stuart also argues that under section 1 of "An Act in relation to married men and women" (Ill. Rev. Stat. 1975, ch. 68, par. 22 (repealed)), Lester Niemann would not have been entitled to receive support from Bess Niemann if she were living because he had abandoned or deserted her and that therefore Niemann does not qualify as a widower entitled to benefits. Even if it were the law that a widower is not entitled to benefits under the Code unless he establishes that he would have been entitled to support during the contributor's lifetime, Stuart's argument would fail. Chapter 68 has been repealed, and when its provisions were reenacted under the Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*), the provision upon which Stuart relies, that persons who live separate from their spouses "without their fault" are entitled to support, was deleted.

Accordingly the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.