Sharon **JACKSON**, Plaintiff,

v.

Richard **DORIA**, Sheriff of DuPage County, Defendant.

No. 93 C 7058.

United States District Court, N.D. Illinois, Eastern Division.

March 25, 1994.

Thomas Gerard Morrissey, Thomas G. Morrissey, Mary Louise Boelcke, Chicago, IL, for plaintiff.

Thomas F. Downing, DuPage County States Attorney's Office, Wheaton, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Sharon Jackson brings this action against defendant Richard Doria, Sheriff of DuPage County, claiming violations of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. Doria has moved to dismiss Jackson's complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, Doria's motion is denied.

### I. Background

On January 7, 1986, plaintiff Sharon Jackson was arrested in Park Forest, Illinois. After fingerprinting Jackson, the arresting officer discovered an arrest warrant for "Sharon Jackson" bearing plaintiff's driver's license number. However, plaintiff does not fit the description on the warrant, live at the address listed on the warrant, or have the same fingerprints as the person identified on the warrant. Notwithstanding these facts, and despite plaintiff's protestations that she was not person listed on the warrant, the officer executed the warrant against plaintiff, and then released her on bond. She subsequently established to Judge Bowman of the

DuPage County Circuit Court that she was not the "Sharon Jackson" named in the warrant. The charges were dropped, and the warrant was reissued in the name of "Sherry Jackson." In addition, her public defender gave her a letter stating that the arrest warrant was in error and that the charges had been dropped.

Approximately six months later, a Harvey, Illinois police officer stopped plaintiff for a traffic violation. The officer discovered the warrant for "Sherry Jackson," still bearing plaintiff's driver's license number, in the Illinois State Police Law Enforcement Data System ("LEADS"), and took plaintiff to the Harvey police station. Although plaintiff informed the officers that she was not the person named in the warrant, and showed them the letter from her public defender, the officers refused to release her, nor did they check her fingerprints. She was taken to the DuPage County Sheriff's Office and spent the night in jail. She again appeared before Judge Bowman, who immediately dropped all charges against her. The court's order instructed arresting agencies to verify the identity of anyone arrested pursuant to the warrant in the future through a fingerprint check.[1]

However, in August, 1987, when plaintiff was stopped for a traffic violation, she was again arrested based upon the warrant. She was detained at the Flossmoor, Illinois police station and released. She was again detained on January 5, 1988 in Matteson, Illinois, when police discovered the "Sherry Jackson" warrant. Finally, on November 25, 1991, after being stopped for a speeding violation, she was arrested when a computer check on her driver's license again revealed the warrant. She was detained at the police station in Chicago Heights, Illinois before being released. Despite plaintiff's five arrests on this warrant, the DuPage County Sheriff never corrected the warrant by removing her driver's license number, or took any other effort to clear or modify the warrant. Although the warrant was quashed in

---

1. The hard copy of the warrant stated: "CK Fingerprints Before Executing Warrant as 2 wrong people have been picked up."

May, 1992, Jackson has alleged that it remains active in the DuPage County Sheriff's computer warrant system and in LEADS. Jackson alleges that defendant Doria violated her constitutional rights by failing to implement procedures that would prevent the repeated arrest of one person under a warrant issued for another person. Doria has moved to dismiss, asserting that Jackson has failed to state a claim upon which relief can be granted.

## II. Motion to Dismiss Standard

■ A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth* ).

## III. Discussion

■ We will first consider whether the Eleventh Amendment shields Doria from liability in the present action. It is well established that official capacity suits against state officials are deemed to be suits against the state, and are therefore barred by the Eleventh Amendment. *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 2312–13, 105 L.Ed.2d 45 (1989).[2] Under Illinois law, however, the Sheriff of DuPage County is a county, rather than state, official. *See* Ill. Const. art. VII, § 4(c). As

such, he is generally not entitled to Eleventh Amendment protection. *See Scott v. O'Grady,* 975 F.2d 366, 371 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2421, 124 L.Ed.2d 643 (1993). This generalization notwithstanding, a county official can be considered a state official with Eleventh Amendment immunity if he or she "acts as an arm of the Illinois state judicial system in executing Writs of Assistance and other state court orders." *Id.* Doria maintains that he is entitled to Eleventh Amendment immunity under *Scott* because he acted as a state official in executing an arrest warrant issued by a state court.

■ This contention, however, has been repeatedly rejected by judges in this district. For example, in *Hvorcik v. Sheahan,* No. 92 C 7329, 1993 WL 192948 (N.D.Ill. June 3, 1993), in considering the same argument presented here, the court concluded:

> Quite unlike the action implicated in *Scott,* [Sheriff] Sheahan's activities that are the gravamen of the [complaint]—those relating to the establishment and maintenance of records as to outstanding warrants—do not represent the purely ministerial enforcement of the orders of the state judiciary (they are not the fulfillment of a "statutory, non-discretionary duty" as *Scott, id.* at 371 described what was at issue there).
>
> Accordingly Sheahan's motion to dismiss is denied.

*Id.* at *2–3. *See also Ruehman v. Village of Palos Park,* No. 91 C 8355, 1993 WL 502355 at *3 (N.D.Ill. Dec. 3, 1993). We are compelled by the reasoning in *Hvorcik* and *Ruehman,* and see no need to reconsider the issue here. Accordingly, we reject Doria's claim that the Eleventh Amendment shields him from suit.[3]

---

**2.** Although Jackson has not specified whether she is suing Doria in his official or individual capacity, we assume that this is an official capacity suit. *See Yeksigian v. Nappi,* 900 F.2d 101, 104 (7th Cir.1990); *Kolar v. County of Sangamon,* 756 F.2d 564, 568 (7th Cir.1985).

**3.** In his reply, Doria also maintains that he lacks the authority to alter or amend the information in search warrants. We initially note that we need not consider arguments raised for the first

time in a reply brief. *See Simon v. Pay Tel Mgmt., Inc.,* 782 F.Supp. 1219, 1230 n. 19 (N.D.Ill.1991), *aff'd,* 952 F.2d 1398 (7th Cir. 1992). In any event, as discussed further below, courts in this district have consistently found that sheriffs such as Doria have not only the authority, but also the obligation, to correct erroneous information contained in search warrants. As a result, Doria's contention provides no basis for dismissal based on either the Eleventh Amendment or the merits of Jackson's claim.

■ We now turn to Doria's contention that Jackson has failed to sufficiently allege a deprivation of her constitutional rights. Again, however, we face a well-established body of law to the contrary. Indeed, a nearly identical fact pattern existed in *Johnson v. City of Chicago*, No. 90 C 6406, 1992 WL 39025 (N.D.Ill. Feb. 24, 1992). There the plaintiff, Andre Johnson, was arrested on three separate occasions based upon a warrant issued for "Andre Jackson." The errant arrests were apparently due to the fact that plaintiff's social security number was erroneously listed on the Andre Jackson warrant, and social security numbers, like driver's license numbers, can be searched on the police computer systems. In holding that Johnson had stated a claim under § 1983, the court concluded:

> [G]iven the large volume of individuals arrested in [the county] yearly, defendant [Sheriff] Sheahan should expect to incur mistakes of the kind which are alleged here. Knowledge of the numerical certainty of these errors imposes two constitutional responsibilities on defendant Sheahan: to adopt alternate means of verifying the identity of persons held in custody on the basis of a social security number check; and to see that when errors are made using social security numbers, they are promptly corrected to prevent future wrongful detentions. Failure to fulfill either responsibility constitutes deliberate indifference to the constitutional rights of those, such as plaintiff, wrongfully held in custody as a result.

*Id.* at *3. *Cf. Murray v. City of Chicago*, 634 F.2d 365, 366 (7th Cir.1980) ("It seems clear that appellant sustained a violation of constitutional rights by being arrested and detained pursuant to an invalid warrant. . . . Someone is surely at fault for failing to establish or execute appropriate procedures for preventing such serious malfunctions in the administration of justice."), *cert. dismissed, Finley v. Murray*, 456 U.S. 604, 102 S.Ct.

2226, 72 L.Ed.2d 366 (1982).[4] Because we find *Johnson* both factually and legally indistinguishable, we deny Doria's motion to dismiss.

**IV. Conclusion**

For the reasons set forth above, defendant Richard Doria's motion to dismiss is denied. It is so ordered.

---

**4.** Doria's reliance upon *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) is misplaced. There, the Court specifically noted that "McCollan's § 1983 claim against the Sheriff is not for the wrong name being placed on the warrant or failure to discover and change the same. . . ." *Id.*, 443 U.S. at 143, 99 S.Ct. at 2694. Here, Jackson's claim is based exactly upon the Sheriff's failure to change the error (i.e., the incorrect driver's license number) on the warrant. Accordingly, *Baker* provides Doria with no support.