O'HARE TRUCK SERVICE, INC., Plaintiff-Appellant, v. ILLINOIS STATE POLICE *et al.*, Defendants-Appellees.

Second District    No. 2—95—1603

Opinion filed November 22, 1996.

Thomas C. Crooks, of Craig D. Tobin & Associates, of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and John P. Schmidt, Laura M. Wunder, and Mary E. Welsh, Assistant Attorneys General, of counsel), for appellees.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, O'Hare Truck Service, Inc. (O'Hare), filed a two-count complaint against the defendants, Illinois State Police (ISP) and Captain Rick L. Rokusek, seeking monetary damages and injunctive relief from its removal from the district 2 tow list. The complaint alleged that O'Hare was removed from the tow list without due process of law in violation of the Illinois Constitution and the fourteenth amendment to the United States Constitution. The defendants filed a motion to dismiss, alleging that O'Hare's complaint failed to state a cause of action. The circuit court granted the defendants' motion, finding that O'Hare's placement on the tow list did not involve a property right as required to state an action for due process of law. O'Hare appeals. We affirm.

The facts are taken from O'Hare's complaint. The Illinois State Police have maintained a list of towing companies from which they request services to tow abandoned and damaged vehicles from the Illinois highways. Defendant Captain Rokusek is the commander of district 2, and O'Hare had a position on the district 2 tow list from February 1993 to August 16, 1994.

On August 16, 1994, O'Hare received notice from the ISP that it had violated several rules concerning its placement on the tow list. Pursuant to district 2's policy governing the list, O'Hare requested a hearing regarding the alleged rule violations. This hearing occurred on October 11, 1994. On November 16, 1994, Rokusek issued a decision suspending O'Hare from the tow list for 90 days. According to the letter, O'Hare would be reinstated after 90 days if it met all the requirements stated in the letter to Rokusek's satisfaction. On March 1, 1995, the 90-day suspension period ended, and O'Hare sought reinstatement on the tow list. Rokusek, however, refused to reinstate O'Hare on the list.

On June 15, 1995, O'Hare filed a complaint alleging that its rights

to due process of law under the Illinois Constitution and United States Constitution had been violated by being permanently removed from the tow list without notice or a hearing. A first amended complaint was filed on September 6, 1995, and the defendants' motion to dismiss was filed on September 19, 1995.

On November 15, 1995, the circuit court heard arguments regarding the defendants' motion to dismiss. The court stated that the question before it was whether O'Hare had showed "a sufficient property interest in being reinstated on [the] list to provide [it] with the opportunity under the due process concept and Section 1983 to bring the action." The court noted that the November 16, 1994, letter from Rokusek stated that O'Hare would have to meet the requirements to Rokusek's satisfaction before he would reinstate O'Hare. The court added that the tow list regulations that the defendants attached to their reply memorandum did not list any specific regulatory system for reinstatement to the tow list. Accordingly, the court reasoned that reinstatement was at the sole discretion of Rokusek, the district commander. The court concluded, therefore, that the regulatory system did not award O'Hare a claimed right to be placed back on the tow list. As a result, the court found that a property right did not exist and dismissed O'Hare's complaint for failure to state a cause of action.

On appeal, O'Hare contends that the court erred in granting the defendants' motion to dismiss because (1) it improperly considered and relied upon the tow list regulation documents attached to the defendants' reply memorandum; and (2) the complaint alleges that O'Hare's position on the tow list is a property right that was denied without due process of law.

■ We note that the defendants erroneously contend that sovereign immunity bars O'Hare's suit in the circuit court. The law is firmly established that "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663, 39 L. Ed. 2d 662, 673, 94 S. Ct. 1347, 1356 (1974). Moreover, if a suit is nominally against a state official in his official capacity, but the state is the real party in interest, then a suit against a state official that is in fact a suit against a state is barred regardless of whether it seeks damages or injunctive relief. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 79 L. Ed. 2d 67, 79, 104 S. Ct. 900, 908-09 (1984). However, the Court has recognized an exception to this rule, and if a suit challenges the constitutionality of a state official's action, the suit is not one against the state. *Halderman*, 465 U.S. at 102, 79 L. Ed. 2d at 79-80, 104 S. Ct. at 909.

In this case, O'Hare's complaint states a cause of action against the ISP and Captain Rokusek, individually and in his official capacity. The complaint alleges that the ISP and Rokusek acted unconstitutionally in removing O'Hare permanently from the district 2 tow list. Consequently, the constitutionality of a state official's action is alleged, which meets the exception to the general rule barring suit against the state.

■ Additionally, the defendants argue that O'Hare's claim is barred because monetary claims are clearly barred by the eleventh amendment to the United States Constitution (U.S. Const., amend. XI). While this assertion of the law is true, O'Hare's complaint requests monetary damages and an injunction. Moreover, in its brief, O'Hare states that it seeks money damages from Rokusek in his individual capacity and does not seek money damages from the State. Indeed, O'Hare's brief is clear that it only seeks injunctive relief from the state. Consequently, because O'Hare only seeks monetary damages from Rokusek in his individual capacity, its suit for monetary damages is not barred by the eleventh amendment.

We now turn to whether the circuit court should have considered the ISP's towing list policy that was attached to the reply memorandum to the defendants' motion to dismiss. O'Hare contends that the court should not have considered the towing policy in its decision because the regulations were presented solely for the purpose of refuting factual allegations contained in O'Hare's complaint. We disagree.

■ A motion to dismiss under section 2—619 of the Code of Civil Procedure (Code) admits all well-pleaded facts. 735 ILCS 5/2—619 (West 1992); *Geick v. Kay*, 236 Ill. App. 3d 868, 874 (1992). The purpose of a section 2—619 motion is to provide a mechanism to dispose of issues of law or easily proved issues of fact, and the cause of action should not be dismissed on the pleadings unless it is clearly apparent that no set of facts can be proved which will entitle a plaintiff to recover. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 473 (1990). While appellate review of the dismissal of a complaint pursuant to a section 2—619 motion is limited to a consideration of the legal questions presented by the pleadings, our review is independent and we need not defer to the trial court's reasoning. *Miranda v. Jewel Cos.*, 192 Ill. App. 3d 586, 588 (1989).

Under section 2—619(a)(9) of the Code, an action may be dismissed on the ground that a claim asserted is barred by other affirmative matter avoiding the legal effect or defeating the claim. 735 ILCS 5/2—619(a)(9) (West 1992). "Affirmative matter" includes something in the nature of a defense that completely negates the al-

leged cause of action. *Geick*, 236 Ill. App. 3d at 874. Indeed, although affirmative matter does not include " 'evidence offered to refute a well-pleaded fact stated in the complaint,' " it does include something that " 'refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint.' " *Perkaus v. Chicago Catholic High School Athletic League*, 140 Ill. App. 3d 127, 134-35 (1986), quoting *Austin View Civic Ass'n v. City of Palos Heights*, 85 Ill. App. 3d 89, 93-94 (1980).

■ We find that the ISP towing list policy was affirmative matter that the trial court could have used when determining whether to grant the defendants' motion to dismiss. Certainly, the policy refuted O'Hare's conclusional allegations in paragraphs 9, 16, and 17 of its complaint regarding what procedures the policy itself requires for removing a tow truck company from the list. Accordingly, the policy does more than offer a contrary version of the legal relationship between the two parties. See *Longust v. Peabody Coal Co.*, 151 Ill. App. 3d 754, 757 (1986) (discovery depositions not affirmative matter for purpose of section 2—619 motion because the depositions merely negated the allegation that set forth the basis upon which the defendant was allegedly liable). Here, O'Hare has alleged its entire claim by drawing certain conclusions from the ISP policy. Thus, the court properly considered the policy because the documents could have refuted the critical conclusions of material fact in O'Hare's complaint that were not supported by specific facts. See *Palmisano v. Connell*, 179 Ill. App. 3d 1089, 1097 (1989).

■ O'Hare also argues that the documents were improper because an affidavit was not attached, in violation of Supreme Court Rule 191(a) (145 Ill. 2d R. 191(a)). Generally, a section 2—619 motion to dismiss must be supported by an affidavit. *In re Marriage of Hoppe*, 220 Ill. App. 3d 271, 284 (1991). However, where a section 2—619 motion is made on grounds appearing on the face of the pleading attacked, the motion need not be supported by an affidavit. *Geick*, 236 Ill. App. 3d at 874.

We initially note that O'Hare did not contest the contents of the policy at the motion to dismiss hearing. Indeed, O'Hare did not, and does not now, allege that the policy attached is incomplete or that the copy attached to the motion to dismiss is incorrect. Instead, O'Hare merely states that it should not have been admitted as affirmative matter because the documents were "unsworn" and "uncertified." Consequently, O'Hare has stipulated that the policy the ISP attached to its motion to dismiss is the same policy upon which it has based its allegations. Therefore, in essence, O'Hare contends that the

only reason the trial court should not have considered the policy is because an affidavit was not attached to it. We find this contention to be without merit.

In *Geick*, the plaintiff's complaint alleged that the defendant, acting individually and as the president of the board of trustees of the Village of Lake Zurich, committed libel, conducted tortious interference with prospective economic advantage, and invaded the plaintiff's privacy. Specifically, the plaintiff alleged that the defendant had exposed aspects of his sexual harassment case to the public and that the defendant improperly revealed details of a separation agreement he had signed in accordance with his resignation from the position of village administrator. The defendant attached copies of the Lake Zurich village code and documents from the sexual harassment suit to his motion to dismiss as affirmative matter. However, the defendant did not include an affidavit. We found that an affidavit was unnecessary because the documents were affirmative matter that concerned the grounds appearing on the face of the plaintiff's complaint. *Geick*, 236 Ill. App. 3d at 874.

Similarly, O'Hare's complaint contains allegations that the ISP towing list policy provides for a hearing before a tow truck company can be removed from the list. Further, O'Hare alleges that meeting certain requirements automatically entitles it to be reinstated onto the list. As a result, in this case, the defendants have relied on the policy not to contest the well-pleaded facts of O'Hare's complaint, but to refute the conclusional allegations that the policy states that a trucking company can only be removed from the list with notice of alleged rule violations and that the policy states that a company's meeting district 2's requirements automatically entitles that company to be reinstated onto the list. Therefore, we find that an affidavit was not necessary because O'Hare did not contest the validity of the policy and the policy concerned grounds that appeared on the face of O'Hare's complaint.

■ Next, we turn to O'Hare's contention that it has a property interest in remaining on the district 2 tow list and cannot be removed without due process of law. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709 (1972). Such property interests are created and defined "by existing rules or understandings that stem from an independent source such as state law." *Roth*, 408 U.S. at 577, 33 L. Ed. 2d at 561, 92 S. Ct. at 2709.

■ O'Hare does not cite any decision of an Illinois court indicating that it had a property interest to be on or to remain on the district 2 rotation list. Moreover, O'Hare does not cite any Illinois statute or administrative regulation that might be construed to provide such an entitlement. We note that we are also unable to find any case or statute that supports O'Hare's position. In its complaint, O'Hare refers to ISP procedures, rules, and directives, but these "rules" do not qualify as a state statute or regulation. Instead, these documents clearly state that they are "guidelines" for the districts to consider when forming their own towing policy. Consequently, each district is allowed to form its own list and adopt its own procedures. Thus, O'Hare has failed to allege that its property interest is based on an Illinois state law or regulation.

This reasoning is consistent with the holdings of several federal circuit courts that have been presented with the issue of whether a tow truck company has a property right to remain on an on-call rotating list. In *Pritchett v. Alford*, 973 F.2d 307 (4th Cir. 1992), and *Abercrombie v. City of Catoosa*, 896 F.2d 1228 (10th Cir. 1990), two cases that O'Hare cites in its brief, the United States Court of Appeals for the fourth circuit and the tenth circuit held that a wrecker service company had a protected property interest in remaining on a rotation list. However, in *Pritchett* the court found that the rotation list was maintained pursuant to South Carolina regulations, and in *Abercrombie*, the tenth circuit found that the rotation list was maintained pursuant to Oklahoma law. See *Pritchett*, 973 F.2d at 317; *Abercrombie*, 896 F.2d at 1232. In this case, no such statute or regulatory system exists. Instead, O'Hare relies on the district 2 rotation policy itself for the creation of the alleged property right.

Indeed, O'Hare argues that the district 2 regulations themselves serve to create a property interest under *Perry v. Sindermann*, 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972). In *Perry*, the Supreme Court stated that rules "promulgated and fostered by state officials" may justify a legitimate claim of entitlement. *Perry*, 408 U.S. at 602-03, 33 L. Ed. 2d at 580, 92 S. Ct. at 2700. O'Hare argues that the district 2 towing list policy formed by the ISP created a property right to remain on the tow list, even though no state law or state regulation exists concerning the ISP's towing policy. We disagree.

Several federal court cases provide guidance on this issue. In *Morley's Auto Body, Inc. v. Hunter*, 70 F.3d 1209 (11th Cir. 1995), the plaintiff alleged that the defendant sheriff's tow truck policy created a property right. The circuit court disagreed. It found that there was no Florida state law that "elevate[d the] policy to the status of a regulation with the force of law" and that such a policy did not give

rise to a constitutionally protected property interest. *Morley's Auto Body*, 70 F.3d at 1214.

Similarly, in *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250 (3d Cir. 1994), the plaintiff alleged that a policy created by the Pennsylvania State Police created a constitutionally protected property interest. As in *Morley's Auto Body*, the plaintiff in *Piecknick* also relied completely on a policy distributed by the police that had not been specifically authorized by, or codified in, any state statute or regulation, to show that he had a property interest. The third circuit found that the policy the plaintiff relied upon consisted only of "guidelines" that merely articulated a general policy that did not create an enforceable contract between the towing services on the list and the state police. Accordingly, the court affirmed the dismissal of the plaintiff's complaint. *Piecknick*, 36 F.3d at 1256.

Finally, in *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049 (2d Cir. 1993), *cert. denied*, 510 U.S. 865, 126 L. Ed. 2d 144, 114 S. Ct. 185 (1993), the plaintiff alleged that the New York State Police's formation of a highway zone tow truck referral system created a property entitlement. In that case, the state police divided a section of a state highway into three zones and assigned exclusive towing referral rights to a single company within each zone. The police terminated the plaintiff's zone assignment, and he brought a section 1983 claim (42 U.S.C. § 1983 (1988)). The second circuit found that the assignment system was not authorized in any New York statute or regulation and held that the plaintiff did not have a cognizable property interest in continued towing referrals. *Patterson*, 991 F.2d at 1062.

Although not binding, we find these cases instructive to our analysis in this case. Here, the ISP issued guidelines to the districts concerning towing lists. Nevertheless, each district remained free to form its own policy. Consequently, like the plaintiffs in *Hunter*, *Piecknick*, and *Patterson*, O'Hare has not and cannot allege or show that district 2's policy was created by a formal and settled source—such as a state statute or regulatory scheme. Instead, O'Hare relies on the towing policy of district 2 as creating a property right. Absent an entitlement grounded in state law, however, we cannot find that O'Hare had a protected property interest in remaining on the district 2 rotation list. See *O'Hare Truck Service, Inc. v. City of Northlake*, 47 F.3d 883 (7th Cir. 1995) (held no property interest existed after finding no Illinois authority supporting the conclusion that Northlake's policy concerning a rotation list had the force of law), *rev'd on other grounds*, 518 U.S. 712, 135 L. Ed. 2d 874, 116 S. Ct. 2353 (1996); *Blackburn v. City of Marshall*, 42 F.3d 925, 938 (5th Cir. 1995)

("Where a court has found a property interest in remaining on a rotation list, the plaintiff has alleged a claim of entitlement supported or created by a formal and settled source such as a state statute or regulatory system").

Thus, we hold that O'Hare has failed to allege a property interest protected by the due process clauses of the fourteenth amendment and the Illinois Constitution. As a result, O'Hare's complaint does not state a cause of action for a due process violation, and the motion to dismiss was properly granted.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN, P.J., and HUTCHINSON, J., concur.